IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD DIAZ and GAMEDAWG, LLC | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO: |
| GLEN PLAID, LLC, d/b/a ORIGINAL HOUNDSTOOTH, | ) ) ) ) | |
| Defendant. | ) | |

**VERIFIED COMPLAINT**
**FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiffs, Richard Diaz ("Diaz") and GameDawg, LLC ("GameDawg) hereby file their Verified Complaint for Damages and Injunctive Relief against Defendant Glen Plaid, LLC d/b/a Original Houndstooth ("Glen Plaid") as follows:

**Nature of the Action**

This is an action for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C.A. § 1114 (Registered Trademark Infringement); for false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); violation of the Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-10; and unfair competition at Alabama common law. Plaintiffs seek damages and injunctive relief for Defendant's willful infringement

1

of Diaz's trademark, along with other anti-competitive and tortious misconduct, as set forth below.

## Parties, Jurisdiction and Venue

1. Plaintiff Diaz is an adult resident citizen of Enterprise, Alabama, located in Coffee County, and resides at 122 Fernway Drive. Diaz is the principal member and proprietor of GameDawg.

2. Plaintiff GameDawg is a limited liability company formed and existing under the laws of the State of Alabama, having its principal place of business at 122 Fernway Drive in Enterprise, Alabama, located in Coffee County.

3. Defendant, Glen Plaid, d/b/a "Original Houndstooth," is a limited liability company formed and existing under the laws of the State of Alabama in Jefferson County, having its principal place of business at 2104 University Blvd. in Tuscaloosa, Alabama, located in Tuscaloosa County.

4. This court has original jurisdiction over Plaintiffs' claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338, and 1367 in that this case arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), as detailed above, and the state law claims are so related to the federal claims over which this court has original jurisdiction that they form part of the same case or controversy.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this case occurred in this district, and Glen Plaid resides here.

**<u>Plaintiffs' Ownership and Use of Federally Registered Trademark</u>**

6. Plaintiffs Diaz and Gamedawg are in the business of selling original GameDawg clothing. Diaz has been in the business of selling such clothing for approximately seven years.

7. Diaz owns Federal Trademark Registration No. 3993520 for the following mark, which is reproduced immediately below and can be described as a stylized elephant with a houndstooth fill pattern. ("Plaintiffs' Mark"). See registration certificate attached hereto as **Exhibit A**. The registration issued on July 12, 2011; that is, before the infringement at issue in this complaint. As the registration reflects, Plaintiffs' Mark has been in continuous use on GameDawg clothing since at least September 6, 2009. As such, Plaintiffs have established both common law and statutory trade mark rights. The trademark and the registration of the trademark have been, and still are, owned by Diaz at all times relevant to this complaint. The registration subsists in full force and effect.



## Plaintiffs' Use of Registered Mark

8.  Since at least September 6, 2009, Plaintiffs have used Plaintiffs' Mark to identify their products and to distinguish them from those made and sold by others, by prominently displaying it on their products, business cards, fliers, direct mail, signs, tents, and other promotional material and displays associated with their products. Plaintiffs sell and promote products featuring Plaintiffs' Mark throughout the state of Alabama, including at football games (for instance, immediately outside Bryant Denny Stadium in a University of Alabama-approved vendor space), mall kiosks, conventions, festivals, corporate events, and other such gatherings. Almost every weekend, Plaintiffs travel to different events throughout the state in order to sell their wares. As a result, Plaintiffs' goods have wide exposure throughout the region and Plaintiffs' Mark has obtained substantial secondary meaning (brand identity associated with GameDawg clothing). Likewise, Plaintiffs have built up, and now have, valuable goodwill connected with their business, and this goodwill is symbolized by Plaintiffs' Mark. Plaintiffs have expended considerable time, money, and effort in developing said goodwill.

9.  In accordance with the provisions of 15 U.S.C. §1111, Plaintiffs' Mark, as displayed on its garments, is accompanied by the letter R enclosed within a circle to provide notice that Plaintiffs' Mark has been registered with the United States Patent and Trademark Office.

## Defendant Infringes Plaintiffs' Mark

10. Glen Plaid is engaged in the business of selling clothing in competition with the Plaintiffs. Glen Plaid has infringed Plaintiffs' Mark in interstate commerce by the following various acts.

11. Glen Plaid operates a 'brick-and-mortar' store at 2104 University Blvd. in Tuscaloosa, Alabama under the name "Original Houndstooth," and, subsequent to Plaintiffs' use of Plaintiffs' Mark and in full knowledge of a violation of Plaintiffs' rights to Plaintiffs' Mark, Glen Plaid adopted, used, and continues to use Plaintiffs' Mark, or a mark confusingly similar to Plaintiffs' Mark, without Plaintiffs' consent, in connection with the sale, offering for sale, promotion and advertising of its clothing and in order to identify its products and to distinguish them from those made and sold by others. Glen Plaid has done and continues the same in its online store, which is believed to be accessible from all fifty states, including Alabama.[1] Glen Plaid's infringing and otherwise confusingly similar mark is reproduced immediately below, and an example of its clothing containing the mark complained of is attached hereto as **Exhibit B.**

---

[1] www.originalhoundstooth.com



12. In addition to using the mark on its clothing and other retail items, Glen Plaid prominently uses the mark on displays associated with its products; on its website (See **Exhibit C**);[2] on its Facebook page (See **Exhibit D**);[3] on its Twitter page and immediately beside its Twitter handle, "@OHoundstooth" (See **Exhibit E**);[4] in print advertising; at the Wings U restaurant in Tuscaloosa; and on other promotional and business related documents.

13. Glen Plaid's Original Houndstooth website asks customers to "Look for the Houndstooth Elephant and remember, if it doesn't say Original Houndstooth… It's not." See **Exhibit F**. This causes customer confusion and dilution of Plaintiffs' Mark, as it infers that Plaintiffs' Mark is not the original because it is not accompanied with the Original Houndstooth word mark. This is false, misleading, and otherwise disparaging, as it is Plaintiffs' Mark which is Federally Registered and Glen Plaid's mark which is infringing.

---

[2] See fn1.
[3] www.facebook.com/originalhoundstoothtuscaloosa
[4] https://twitter.com/OHoundstooth

14. Glen Plaid targets, offers for sale, and sells its clothing and associated wares to the same consumers to whom Plaintiffs' wares are targeted, offered for sale, and sold to under Plaintiffs' Mark.

15. There is evidence of actual confusion by customers attempting to distinguish between the Plaintiffs' clothing and Glen Plaid's clothing due to Glen Plaid's infringement of Plaintiffs' Mark. This confusion has caused and will continue to cause irreparable harm to Plaintiffs if unabated.

## Notice to Defendant

16. On November 2, 2011, Plaintiffs notified Mark Gatewood, Glen Plaid's registered agent, in a letter sent via U.S. Postal Service certified mail, that Glen Plaid was wrongfully infringing upon Plaintiffs' Mark and its rights arising thereunder. Plaintiffs demanded that Glen Plaid discontinue its use of the mark within seven business days. However, Glen Plaid has refused to comply with Plaintiffs' demand and continues to use the mark. A copy of Plaintiffs' demand letter is attached herein and incorporated by reference. See **Exhibit G.**

## Intent of Defendant

17. Glen Plaid's use of the infringing mark on its clothing, business, promotional, and other endeavors, is a willful, wanton, and/or negligent attempt to obtain the benefit of the goodwill and reputation that Plaintiffs have established in

Plaintiffs' Mark. Glen Plaid's use is made with the likelihood and intent to cause mistake and confusion, and to deceive those in the trade or the public into believing that the goods sold by Glen Plaid originate with Plaintiffs or with a business that has a legitimate connection with the Plaintiffs.

18. By reasons of the said wrongful activities, Glen Plaid has caused and is causing irreparable injury to Plaintiffs' trade, business reputation and good will. The unlawful activities of the Glen Plaid also cause Plaintiffs to incur expenses for the purpose of informing consumers that Glen Plaid's products are not produced by the Plaintiffs, and thus prevent consumers from being deceived as to the source of Glen Plaid's products.

19. Additionally, Glen Plaid's activities are false and misleading and misrepresent the nature, characteristics and quality of Plaintiffs' services.

## Count One: Registered Trademark Infringement, False Designation of Origin, and Unfair Competition

20. The allegations of Paragraphs 1 through 19 of the Complaint are hereby re-alleged and incorporated as if fully set forth herein.

21. Glen Plaid's use of Plaintiffs' Mark or a confusingly similar mark in connection with its competing business venture threatens to and has in fact caused actual customer confusion, threatens to undermine the goodwill associated with

Plaintiffs' Mark, and otherwise threatens to cause Plaintiffs irreparable harm by diluting or otherwise destroying the distinctive character and quality of Plaintiffs' Mark.

22. Glen Plaid's actions are calculated to result, and have resulted, in the unjust enrichment of Glen Plaid, since said wrongful and illegal actions avail to Glen Plaid the benefit of Plaintiffs' valuable goodwill, all to Plaintiffs damage and detriment.

23. As a direct and proximate result of Glen Plaid's above-described actions, Glen Plaid has caused and will continue to cause injury and expense to Plaintiffs in an amount to be determined at trial.

24. Glen Plaid's actions violate Section 32 of the Lanham Act, 15 U.S.C. § 1114 (infringement) and Section 43, 15 U.S.C. §1125(a)(1)(A) and (B) (false designation of origin and unfair competition). Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction enjoining Glen Plaid from its further use of Plaintiffs' Mark and any marks which are confusingly similar. Plaintiffs further seek monetary relief including, without limitation, their damages, Glen Plaid's profits, and the costs of this action. Further, because Glen Plaid's infringement is willful, Plaintiffs seek an award of their reasonable attorney's fees. See 15 U.S.C. § 1117.

## Count Two: Violation of the Alabama Deceptive Trade Practices Act

25. The allegations of Paragraphs 1 through 24 of the Complaint are hereby re-alleged and incorporated as if fully set forth herein.

26. By willfully infringing upon Plaintiffs' Mark and by use of a confusingly similar mark upon its clothing; by employing a confusingly similar mark in it advertising and promoting its products; by doing so in direct competition with Plaintiffs and by targeting the same consumer base as Plaintiffs; by causing the dilution of Plaintiffs' Mark and by otherwise creating confusion between Plaintiffs' Mark, Plaintiffs, and Glen Plaid, Glen Plaid has caused (a) confusion or misunderstanding as to the source, affiliation, connection or association of Plaintiffs' and Glen Plaid's goods; (b) the disparagement of Plaintiffs' goods by inferring that Plaintiffs' wares are imitators of Glen Plaid and Original Houndstooth, which is false and misleading; and (c) otherwise engaging in unconscionable, false, misleading, and deceptive acts in the conduct of trade or commerce.

27. Accordingly, Plaintiffs are entitled to injunctive relief prohibiting Glen Plaid from engaging in further such conduct. Moreover, Plaintiffs are entitled to recover their damages, treble damages, costs of this action, and their reasonable attorney's fees. Ala. Code 1975 § 8-19-10.

## Count Three: Common Law Unfair Competition

28. The allegations of Paragraphs 1 through 27 of the Complaint are hereby re-alleged and incorporated as if fully set forth herein.

29. The above-described acts of Glen Plaid constitute unfair competition under the common law of the State of Alabama.

30. As a result of Glen Plaid's unfair competition, Plaintiffs are entitled to a preliminary and permanent injunction enjoining Glen Plaid from its further use of Plaintiffs' Mark or a confusingly similar mark. Plaintiffs are additionally entitled to damages in an amount to be proven at trial.

31. Finally, Glen Plaid's conduct is malicious, willful, wanton, negligent, and with a conscious disregard for the consequences. Accordingly, Plaintiffs are entitled to exemplary damages in an amount to be determined by a jury.

## Count Four: Preliminary and Permanent Injunctive Relief

32. The allegations of Paragraphs 1 through 31 of the Complaint are hereby re-alleged and incorporated as if fully set forth herein.

33. Glen Plaid's competing business venture, and its use of Plaintiffs' Mark or a confusingly similar mark, violates the Lanham Act, the Alabama Deceptive Trade Practices Act, and Alabama common law.

34. The damages and injuries caused to Plaintiffs by the foregoing constitute damages and injuries which are ongoing.

35. By reason of the foregoing, Plaintiffs are entitled to: (a) a preliminary injunction; and (B) a permanent injunction requiring Glen Plaid to: (i) immediately cease and desist from reproducing, copying, counterfeiting, colorably imitating or otherwise using in any way Plaintiffs' Mark, or any confusingly similar mark; see 15 U.S.C. § 1116 ; (ii) deliver for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, and any other materials or paraphernalia in the possession of Glen Plaid or its agents, bearing the Plaintiffs' Mark or any confusingly similar mark, or any symbol, designation, or representation that is subject to the violation, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same. See 15 U.S.C. § 1118.

## Demand for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request judgment as follows:

(1) That the Court enter a judgment in favor of Plaintiffs and against Glen Plaid under all causes of action as set forth above;

(2) That the Court issue preliminary and permanent injunctive relief as set forth in Paragraph 35, *supra*;

(3) That the Court enter an order declaring that Glen Plaid hold in trust, as constructive trustee for the benefit of Plaintiffs, Glen Plaid's illegal profits obtained from its Glen Plaid and Original Houndstooth enterprise, and further requiring Glen Plaid to provide Plaintiffs a full and complete accounting of all amounts due and owing to Plaintiffs as a result of Glen Plaid's illegal activities;

(4) That Glen Plaid pay damages for lost revenue that Plaintiffs would have received had Glen Plaid not committed the illegal activates described herein;

(5) That Glen Plaid pay all ill-gotten profits generated during the use of Plaintiffs' Mark or a confusingly similar mark;

(6) That the Court order Glen Plaid to pay to Plaintiffs general, special, actual, and statutory damages in accordance with the Lanham Act, the Alabama Deceptive Trade Practices Act, and other applicable law, including treble damages;

(7) That the Court order Glen Plaid to pay to Plaintiffs the costs of this action and reasonable attorney's fees incurred in prosecuting this action; and

(8) That the Court grant to Plaintiffs such other and additional relief as is just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues triable by jury.

                Respectfully submitted, this the 7th day of May, 2013.

                */s/ Michael J. Douglas*
                Michael J. Douglas
                Attorney for Plaintiffs
                mdouglas@friedman-lawyers.com

**OF COUNSEL**
Friedman, Dazzio, Zulanas & Bowling, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
(205) 278-7000

                */s/ Joe L. Leak*
                Joe L. Leak
                Attorney for Plaintiffs
                jleak@jllpc.com

**OF COUNSEL**
Joe L. Leak & Associates, P.C.
3800 Colonnade Parkway
Suite 330
Birmingham, AL 35243

**Defendants to be served via Certified Mail:**

Glen Plaid, LLC, d/b/a "Original Houndstooth"
c/o Registered Agent
2104 University Blvd.
Tuscaloosa, AL 35401

# VERIFICATION

*[signature]*
Richard Diaz

STATE OF ALABAMA        )

COUNTY OF JEFFESON      )

Before me, the undersigned authority in and for said county, in said state, personally appeared Richard Diaz, who being first duly sworn, deposes and says that he has read the above and foregoing Verified Complaint, and that the facts contained therein are true and correct.

SWORN TO and SUBSCRIBED
Before me this the 28th day of March, 2013.

_Ada Rainer Berry_
NOTARY PUBLIC              (Notarial Seal)

My Commission Expires: April 19, 2014